(38 Misc. Rep. 782.)

### REICHERT v. BROWN.

(Supreme Court, Appellate Term. June, 1902.)

1. BUILDING CONTRACT—EXTRA WORK.
  One who contracts to do brickwork on houses for a certain sum, and according to plans and specifications, is not precluded from recovering for extra work, though the agreement therefor is not in writing, as provided by the specifications; it not appearing that such provision of the specifications was incorporated in the contract.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Joseph A. Reichert against James E. Brown. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Miller, Decker & Miller, for appellant.

Simon T. Stern, for respondent.

MacLEAN, J. The plaintiff suing to recover the sum of $124.50, balance due under contract for work and for extras, and the defendant counterclaiming in the sum of $129, for breach of contract, the justice rendered judgment in favor of the plaintiff for $64.50, to which damages and costs were added. The only issue of law, faintheartedly pressed upon this appeal, is that the plaintiff was precluded from recovering for extra work done at the instance of the defendant unless such agreement were in writing and signed by the parties, as provided by the specifications. This contention is not good. While

the plaintiff contracted to do "brickwork, rough and front work," on six houses to be erected by the defendant at $250 the house, and "according to plans and specifications" drawn by one Dickerson, it does not appear that he incorporated all the provisions of the specifications into his contract, to be a part thereof, with the defendant, or, even if incorporated, that the same might not be subsequently modified,—peculiarly so when it does not appear, strange as it may seem, that the defendant ever furnished the specifications or a copy to the plaintiff, or that the latter ever saw them. The plaintiff proved at least the sum of $52 as balance, and $22.50 for extras, while the testimony of the defendant upon his counterclaim was confusing and confused, and at times even inconsistent. No reason appears, therefore, for disturbing the judgment of the trial justice upon the facts.

Judgment affirmed, with costs. All concur.